Contracts; ambiguity; necessity to seek clarification.— On January 24, 1975 the court issued the following order:
Before davis, Judge, Presiding, kashiwa and kunzig, Judges.
“This Wunderlich Act case comes before the court op plaintiff’s motion for summary judgment, filed March 18, 1974, and defendant’s cross-motion for summary judgment, filed April 17, 1974. Upon consideration thereof, together with the briefs submitted by counsel without oral argument, it is concluded that the decision of the Armed Services Board of Contract Appeals of May 25,1972 denying plaintiff’s claim is correct as a matter of law.
“Plaintiff was awarded a contract to deliver 62 expedient refueler fuel dispensing pump assemblies. Although the contract specifications provided that fuel servicing nozzles be furnished with each pump assembly, plaintiff did not include the cost of these nozzles in calculating its bid, because plaintiff believed that the pump assemblies were to be used in helicopter fuel servicing units, and thus would not be required. Plaintiff was not officially informed prior to the submission of its bid that the pump assemblies were to be used in helicopter fuel servicing units, nor did the contract state the intended use of the pump assemblies. The Government required the nozzles to be included in the pump assemblies, and plaintiff did so perform but has sought payment as a constructive change.
“Paragraph 3 of the ‘Solicitation Instructions and Conditions’ provided that any request for information concerning the specifics of a bid item must be submitted in writing and that only official replies would be binding. Plaintiff never officially inquired as to the intended use until after its bid had been accepted. The absence of such a request for clarification, before submission of its bid, negates any merit of plaintiff’s claim. When a contractor in preparing a bid is faced with *848 a patent ambiguity in the specifications, he is obligated to seek clarification before bidding if he intends subsequently to seek resolution of the issue in his favor. See Space Corporation v. United States, 200 Ct. Cl. 1, 470 F. 2d 536 (1972).
“it is therefore ordered that plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and plaintiff’s petition is dismissed.”